UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                       Case No. 3:20-cr-642

          Plaintiff,

v.                                                    MEMORANDUM OPINION
                                                         AND ORDER

David Hawkins,

          Defendant.

## I.    INTRODUCTION

Defendant David Hawkins seeks to suppress evidence seized during a search of a house in which he resided. (Doc. No. 16). The government filed a brief in opposition to the motion, (Doc. No. 18), and Hawkins has filed a brief in reply. (Doc. No. 21). Hawkins also has filed motions for the disclosure of identifying information of a confidential informant relied upon by the state law enforcement officer who sought and obtained a search warrant for the house where Hawkins resided, (Doc. No. 17), and to dismiss the indictment. (Doc. No. 15). The government opposes both of those motions. (Doc. Nos. 19 and 20). Hawkins filed reply briefs in support of these two motions as well. (Doc. Nos. 22 and 23). For the reasons stated below, I deny each of Hawkins' motions.

## II.    BACKGROUND

In April 2018, a confidential informant told John Barker, an officer with the Celina, Ohio Police Department, that David Hawkins possessed a rifle at his residence. (Doc. No. 16-1 at 2). At

the time, Hawkins was on probation for a drug abuse offense and was not permitted to own or possess a firearm.[1] (*Id.*). Barker confirmed with Hawkins' probation officer that Hawkins lived at a house located on West Warren Street in Celina, which was owned by Sidney Showalter, the father of Amy, Hawkins' significant other. (*Id.*).

Around the same time, a patrolman with the Celina Police Department conducted a traffic stop which resulted in the discovery of methamphetamine inside the vehicle. The driver of that vehicle told Barker they had obtained the meth from a man named Mark Worrell at a house owned by a person named "Sid." Barker also interviewed a second individual; this person told Barker Worrell had agreed to sell them meth at a house on West Warren Street where Hawkins and Amy lived with Amy's parents. (*Id.*).

During the investigation, the Celina Police Department identified four vehicles parked on the West Warren Street property. Three of the vehicles were registered to Showalter, while the fourth was registered to Hawkins.

Barker then submitted an affidavit in support of a search warrant application, seeking court approval to search the West Warren Street property (which included a two-story house and a detached shed), the four vehicles, and the person of Mark Worrell. (*Id.* at 1). The items Barker sought to locate and seize included "guns, drugs and drug paraphernalia, cellular phones or other communication devices, and evidence of drug trafficking, including but not limited to money and scales." (*Id.*). Kathryn W. Speelman, a judge on the Celina, Ohio municipal court, concluded probable cause existed and authorized the issuance of a search warrant. (*Id.* at 3; Doc. No. 16-2).

During the ensuing search, officers located two silencers in Hawkins' bedroom. A few days later, Hawkins was arrested when he arrived for an appointment with his probation officer. (*See*

---

[1] Hawkins also was convicted on felony theft and burglary charges in the Mercer County, Ohio Court of Common Pleas in 1991. As a result, he was forbidden from possessing a firearm under 18 U.S.C. § 922(g).

2

Doc. No. 16 at 3). A search of Hawkins' car following his arrest uncovered a third silencer. (*Id.*). Hawkins subsequently was indicted on two counts of possession of a silencer in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. (Doc. No. 1).

### III.     ANALYSIS

#### A.     MOTION TO SUPPRESS

The Fourth Amendment generally requires law enforcement officers to obtain a warrant, based upon probable cause, before searching a location in which an individual has a reasonable expectation of privacy. *See, e.g., Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) ("When an individual 'seeks to preserve something as private,' and his expectation of privacy is 'one that society is prepared to recognize as reasonable,' we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause.") (further citation omitted). Probable cause is the "reasonable grounds for belief" that evidence of a crime may be found in a certain place or location. *United Stated v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "Probable cause exists when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Hawkins argues the search warrant was improperly issued because (i) it combines information about two apparently unrelated investigations into two different individuals and (ii) includes erroneous information about the affiant and the judge. (Doc. No. 16 at 3). As to the first point, in Hawkins' view, the warrant was aimed at Worrell and it was inappropriate to include information regarding Hawkins in the warrant affidavit. (*Id.* at 3-4).

Hawkins' second point centers on the inclusion of the following sentence in the affidavit: "Sworn to before me, James J. Scheer, Judge of a court of record in Mercer County, Ohio, by Colin

3

T. Fuelling, the above Affiant, in my presence." (Doc. No. 16-1 at 2). There is no dispute that neither Scheer nor Fueling was involved in this case. Hawkins contends that the inclusion of this typographical error leads to "the glaring conclusion that no one is reading or paying attention to paperwork presented at court." (Doc. No. 16 at 4). He further asserts this error being overlooked supports the conclusion that Judge Speelman's approval of the warrant "was a rubber stamp of the officer's statement." (*Id.*). Hawkins argues a hearing is necessary to "more fully examine the facts and circumstances surrounding the April 26, 2018 execution of the search warrant issued in this matter." (*Id.* at 1).

### 1. Hawkins' request for a hearing

A defendant seeking to suppress evidence is entitled to a *Franks* hearing if the defendant makes "a substantial showing that the affidavit in support of the warrant at issue included a false statement, made knowingly or intentionally, or with reckless disregard for the truth" and that the false or misleading statements were material to the probable cause determination. *United States v. Cruz*, 715 F. App'x 454, 456 (6th Cir. 2017) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)).

Hawkins does not allege the warrant affidavit contains any false statements. His arguments that the affidavit should not have included allegations about his conduct and that the affidavit does not establish probable cause may be resolved exclusively through an examination of the search warrant and supporting affidavit. I conclude he is not entitled to a hearing.

Relatedly, Hawkins also seeks an order requiring the government to disclose the identity of the informants Barker relied upon in the search warrant affidavit. (Doc. No. 17). The government opposes Hawkins' motion, arguing he has not demonstrated that the informants' identities are relevant and material to his case. (Doc. No. 19).

The law recognizes "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that

law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The privilege may be overcome by a showing that "the disclosure of an informer's identity is relevant and helpful to the defense of an accused[ ] or is essential to a fair determination of a cause." *United States v. Hanna*, 341 F.2d 906, 907 (6th Cir. 1965).

Hawkins is unable to overcome the hurdles he faces. First, I already have concluded Hawkins is not entitled to a hearing on his suppression motion. Even if I were to grant him such a hearing, the Sixth Circuit has held "[d]ue process does not require the disclosure of an informant's identity at a suppression hearing." *United States v. Cummins*, 912 F.2d 98, 103 (6th Cir. 1990) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)). Finally, Hawkins has not shown the informants' identities would be relevant or helpful to his defense at trial, as their identities do not implicate the dispositive issues to be decided by the jury. Therefore, I deny his motion for disclosure. (Doc. No. 17).

### 2. Probable Cause

Hawkins begins by arguing Barker "could have[ ] and should have" sought a separate search warrant for Hawkins' person and property. (Doc. No. 16 at 4). As the government notes, this argument relies upon the assumption that the Celina Police Department only was investigating, and the search warrant only was directed at, Worrell. (*See* Doc. No. 18 at 8). Instead, the warrant affidavit plainly contemplates a search of all of the West Warren Street property, including the four vehicles parked on or near the property. (*See* Doc. No. 16-1 at 2-3). While perhaps unusual, the inclusion of allegations of offenses committed by two separate individuals at the same location does not invalidate the warrant.

Nor is Hawkins entitled to relief based upon his objection to the inclusion of the names of Fuelling and Judge Scheer in the warrant affidavit. Again, as the government notes, there is no dispute that Barker submitted the information contained in the affidavit or that Judge Speelman

5

actually signed the affidavit and the search warrant. (Doc. No. 18 at 6). While this error almost certainly was avoidable, Hawkins fails to show this typographical error undermines the search warrant. *See e.g., United States v. Frazier*, 423 F.3d 526, 539 (6th Cir. 2005) ("A defendant cannot demonstrate entitlement to a *Franks* hearing by merely identifying typographical errors in the affidavit.").

That leaves Hawkins' broader contention that the warrant affidavit does not contain sufficient facts to establish probable cause with respect to Hawkins himself. The principles underlying a probable cause review are familiar. "[T]he traditional standard for review of an issuing magistrate's probable cause determination has been that so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Gates*, 462 U.S. at 236 (citation omitted) (second alteration in original). An affidavit "should be reviewed in a commonsense – rather than a hypertechnical – manner, and the court should consider whether the totality of the circumstances supports a finding of probable cause, rather than engaging in line-by-line scrutiny." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004).

As I discussed above, Barker established the connection between Hawkins and the West Warren Street property, including the Chevy truck parked on the property. (*See* Doc. No. 16-1 at 2). Barker then states:

> An informant whose identity is known to me and who has previously provided reliable information informed me within the last week that David Hawkins is in possession of a rifle at his residence. I know that Hawkins is on probation for a drug offense, and is not permitted to own or possess firearms.

(*Id.*).

The problem with this information is two-fold. First, neither the warrant affidavit nor the record in this case include details about the confidential informant's reliability. In the absence of police corroboration of an informant's tip, an affiant must offer "'some detail' that the informant

6

provided reliable information in the past." *United States v. Jackson*, 470 F.3d 299, 307 (6th Cir. 2006) (quoting *United States v. McCraven*, 401 F.3d 693, 697 (6th Cir. 2005)) (further citation omitted). The Sixth Circuit has indicated that "a merely conclusory statement of the affiant's belief in an informant's past credibility, unsupported by further detail," may be insufficient to support a finding of probable cause. *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000).

Further, the warrant affidavit does not establish how the confidential informant obtained this information. It is not clear, for instance, whether the informant saw the rifle personally, or if the informant was told about the rifle by Hawkins or someone else.

When viewed in their totality, Barker's statements do not constitute a substantial basis from which a judge could conclude there was probable cause that Hawkins illegally possessed a rifle.

But this does not mean the evidence uncovered pursuant to the search warrant must be suppressed. The exclusionary rule does not apply to "bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *United States v. Leon*, 468 U.S. 897, 905 (1984). "The 'good faith inquiry is confined to the objectively ascertainable question whether a reasonably well[-]trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances . . . may be considered.'" *Frazier*, 423 F.3d at 533 (quoting *Leon*, 468 U.S. at 922-23 n.23).

Hawkins implicitly acknowledges the primary hurdle he faces: the existence of probable cause for the issuance of a search warrant based upon the facts concerning Mark Worrell. (*See, e.g.,* Doc. No. 16 at 4 (arguing the inclusion of statements about Hawkins and the references to Scheer and Fuelling "raise[ ] grave concerns about the validity of the warrant and the informants' statements that were the basis of the probable cause for the search warrant of Mark Worrell")). Barker offered information from two separate individuals who connected Worrell to methamphetamine sales at the

7

West Warren Street property; one of these individuals admitted he or she had obtained the methamphetamine recovered in the traffic stop from Worrell and was re-selling it. (Doc. No. 16-1 at 1-2). While Hawkins believes Judge Speelman should not have accepted Barker's representations, the statements contained in the warrant affidavit constitute a substantial basis to conclude that officers would find evidence of drug trafficking at the West Warren Street property.

While Hawkins contends "the warrant was a rubber stamp of the officer's statement," (Doc. No. 16 at 4), these circumstances demonstrate there was probable cause to issue the search warrant with regard to the offenses Worrell allegedly committed. Once the warrant issued, the relevant question becomes "'whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization,'" which "requires a 'less demanding showing than the "substantial basis" threshold required to prove the existence of probable cause in the first place.'" *Frazier*, 423 F.3d at 536 (quoting *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996) and *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004)).

The evidence contained in the affidavit, while perhaps incomplete, was not "so vague as to be conclusory or meaningless." *Carpenter*, 360 F.3d at 596. Hawkins fails to show the Celina Police Department's subsequent reliance on the search warrant was not objectively reasonable. Therefore, I deny his motion to suppress the evidence obtained from the West Warren Street property and the subsequent search of his vehicle.

    **B.**     **MOTION TO DISMISS**

Finally, Hawkins moves to dismiss the indictment in its entirety because, he argues, one of the alleged silencers "'was impossible to mechanically attach to the NFC firearm without disturbing the integrity of the evidence,' and the other two devices were not test-fired. (Doc. No. 15 at 1 (quoting Doc. No. 15-1 at 3)). Hawkins' arguments are not persuasive.

While Hawkins claims he is entitled to dismissal as a matter of law because the government cannot prove the devices were silencers, as one was not made operable and the other two were not lab-tested, (Doc. No. 23 at 2-3), the Sixth Circuit already has rejected this position. Sections 5861 and 921(a)(24) do not "contain any indication that operability is a necessary component of a silencer," because the "language of the statute focuses on the intended application of a silencer, not its actual demonstrated operation." *United States v. Carter*, 465 F.3d 658, 667 (6th Cir. 2006). As the government states, the ATF report documents the analyst's determination of how each device meets the definition of a silencer. The sufficiency of that evidence is a question for the jury. Hawkins' motion to dismiss is denied.

## IV. CONCLUSION

For the reasons set forth above, I deny Hawkins' request for a hearing and each of his motions. (Doc. Nos. 15, 16, and 17).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge